FILED & ENTERED

SEP 09 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY marshall  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Cynthia Rene Lowery,<br><br>Debtor(s), | Case No.: 1:08-bk-19328-MT<br><br>Adversary No.: 1:09-ap-01019-MT<br><br>Chapter: 13<br><br>**MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Cynthia Rene Lowery<br><br>Plaintiff(s),<br><br>Vs.<br><br>Deutsche Bank National Trust Company, HOMEQ SERVICING CORPORATION, NEW CENTURY MORTGAGE CORPORATION<br><br>Defendant(s). | Date: August 27, 2009<br>Time: 9:30 a.m.<br>Location: Courtroom 302 |

## I.    INTRODUCTION

Defendant Barclays Capital Real Estate Inc., d.b.a. HomEq Servicing, ("defendant") seeks dismissal of plaintiff Cynthia Rene Lowrey's ("plaintiff") First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012.

//

- 1

## II. BACKGROUND

On September 1, 2006, plaintiff refinanced her property with New Century Mortgage ("NCM"). Plaintiff received a 2/28 adjustable rate mortgage.[1] In order to affect the refinance, plaintiff executed a Deed of Trust and Adjustable Rate Rider in favor of NCM. NCM then paid off the two existing loans secured by the subject property and provided plaintiff with $51,633.60 in cash.

In December of 2006, defendant began servicing plaintiff's loan. Before the rate even reset, in September of 2007, plaintiff ceased making payments on the note. Plaintiff then received a notice of default from defendant. Plaintiff contacted defendant to attempt to negotiate a forbearance agreement. The parties were unable to reach an agreement, and on February 22, 2008, a Notice of Default was recorded. On June 6, 2008, a Notice of Trustee's Sale was recorded.

On June 25, 2008, plaintiff filed a voluntary Chapter 13 petition (case number 1:08-bk-14294-MT), which was dismissed on November 5, 2008 for plaintiff's failure to tender the required payments to the trustee. Plaintiff subsequently filed a new Chapter 13 petition on November 19, 2008 (case number 1:08-bk-19328-MT) but did not move for an extension of the stay. The foreclosure sale took place on December 29, 2008, and the Trustee's Deed Upon Sale was recorded on January 21, 2009. That same day, plaintiff filed her complaint initiating this adversary proceeding. The complaint alleged violations of the Fair Housing Act ("FHA"), Equal Credit Opportunity Act ("ECOA"), the Civil Rights Act ("CRA"), and the automatic stay, and alluded to potential causes of action under the Home Ownership and Equity Protection Act ("HOEPA"), Truth in Lending Act ("TILA"), Unfair or Deceptive Business Practices, and equity.

On March 13, 2009, defendant filed a Motion to Dismiss plaintiff's complaint under FRCP 12(b)(6). On April 29, 2009, defendant's Motion to Dismiss was granted with respect to plaintiff's FHA, CRA, ECOA, and violation of the automatic stay claims. The court granted plaintiff leave to amend her potential HOEPA, TILA, Unfair or Deceptive Business Practices,

---

[1] A 2/28 loan appears to be a loan with an initial rate for 2 years. The initial rate resets upward after the two-year period and it can change every six months thereafter.

and equity claims. Plaintiff filed her First Amended Complaint on June 30, 2009. On July 14, 2009, defendant filed a Motion to Dismiss Adversary Proceeding. On August 3, 2009, plaintiff filed her Objection to defendant's Motion to Dismiss. On August 7, 2009, defendant filed its Reply to Plaintiff's Objection to Defendant's Motion to Dismiss.

### III. ARGUMENTS

Defendant argues that the court must dismiss plaintiff's First Amended Complaint. Defendant asserts that the statutes of limitations bar all plaintiff's claims for relief under FHA, ECOA, and CRA. Defendant also argues that plaintiff's Unfair or Deceptive Business Practices claim must fail because plaintiff fails to plead facts showing defendant engaged in any specific unlawful, fraudulent, or unfair conduct, and because the claim otherwise relies on plaintiff's claims under FHA, ECOA, and CRA. Moreover, defendant argues that plaintiff's claim for equitable relief must fail because plaintiff has not demonstrated a likelihood of success on the merits, and because an injunction is moot since the property has been sold. Finally, defendant argues that plaintiff's request for equitable tolling under TILA must be dismissed because plaintiff has not set forth a corresponding cause of action for violation of TILA, and because defendant cannot be liable under TILA as a subsequent assignee of the original loan.

Plaintiff's response to defendant's motion to dismiss does not contain any substantive counter-argument to those presented by defendant and requests discharge of defendant's security interest.

Defendant replied by re-arguing the points made in its original motion and responding to plaintiff's request for discharge of defendant's security interest.

### IV. DISCUSSION

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In evaluating a motion to dismiss a court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). A court can only grant a motion to dismiss, based solely upon the running of the statute of limitations, when no reading of the complaint would allow the plaintiff to prove the statute was tolled. Id.

### A. FHA, CRA, ECOA and Automatic Stay

Defendant's motion to dismiss plaintiff's original complaint was granted with respect to plaintiff's claims for violations of the FHA, ECOA, CRA, and the automatic stay.  The Court determined that plaintiff was granted leave to amend her complaint only with respect to her potential HOEPA, TILA, Unfair or Deceptive Business Practices, and equitable relief claims. Therefore, plaintiff's reassertion of her FHA, CRA, and ECOA claims is improper. Plaintiff's reassertion of these claims also continues to fail to allege any cognizable cause of action.  For these reasons, defendant's Motion to Dismiss plaintiff's First Amended Complaint with respect to these claims is granted.

### B. Unfair or Deceptive Business Practices

Section 17200 of the California Business and Professions Code ("CBPC") creates a cause of action for an "unlawful, unfair or fraudulent business act or practice."  *Henry v. Lehman Commer. Paper, Inc.*, 471 F.3d 977, 995-96 (9th Cir. 2006).  Violations of the CBPC must be pled with reasonable particularity. *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (Cal. App. N.D. 1993).  Plaintiff's First Amended Complaint is devoid of any specific allegations that can be construed as stating a cause of action for Unfair or Deceptive Business Practices with any reasonable degree of particularity.  Instead, plaintiff's First Amended Complaint merely asserts conclusory statements that defendant's alleged violations of FHA, ECOA, CRA and HOEPA justify a claim for Unfair or Deceptive Business Practices. However, because plaintiff was barred from reasserting those claims, other than HOEPA, and in any event failed to plead facts sufficient to support those claims, plaintiff's claim cannot survive defendant's motion to dismiss.

//

### C. TILA/Equitable Tolling

The statute of limitations to file a claim for violation of TILA is one year.  15 U.S.C. §1640(e).  Plaintiff signed her loan documents in September of 2006.  However, this adversary proceeding was not filed until January 22, 2009.  Because more than one year passed between the alleged TILA violation and plaintiff's initiation of this action, plaintiff's TILA claim is time-barred unless the doctrine of equitable tolling applies.

Equitable tolling of civil damages claims brought under TILA may suspend the limitations period under the appropriate circumstances until the plaintiff/borrower discovers or had a reasonable opportunity to discover the TILA violations.  Rosal v. First Fed'l Bank of Cal., 2009 U.S. Dist. LEXIS 60400 (N.D. Cal. 2009).  Plaintiff's First Amended Complaint states that plaintiff received a notice of default in September of 2007.  This notice provided plaintiff with a reasonable opportunity to discover the alleged TILA violations.  However, plaintiff did not file this adversary proceeding until January 22, 2009.  Because plaintiff has not alleged any facts demonstrating that she did not have a reasonable opportunity to discover the alleged violations, equitable tolling is inapplicable and plaintiff's TILA cause of action is consequently time-barred.  Even if the September 2007 notice of default did not provide plaintiff was reasonable notice, plaintiff has failed to state any facts sufficient to support a TILA cause of action.

### D. Equitable Relief

An injunction is appropriate only where the plaintiff can establish risk of irreparable harm and a likelihood of success on the merits.  *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 115, 1119 (9th Cir. 1999).  Plaintiff is not entitled to an injunction because she has failed to establish a likelihood of success on the merits.

### E. Other Relief Sought

Plaintiff's First Amended Complaint makes only passing mention of a HOEPA cause of action, but does not contain any specific allegations.  Moreover, plaintiff requests additional relief in the form of monetary damages and restitution.  Because plaintiff has failed to state a claim upon which such relief may be granted, plaintiff is not entitled to such relief.

- 5 -

## V. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss should be granted in its entirety. Plaintiff should not be barred from pursuing any appropriate state law remedies in any subsequent eviction action.

###

DATED: September 9, 2009

_____
United States Bankruptcy Judge

- 6 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF MEMORANDUM AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _____ MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT _____
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of September 5, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Eric D. Houser    scleere@houser-law.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Cynthia Rene Lowery
14826 Chatsworth Dr
Mission Hills, CA 91345

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page